TROY G. HAMMER,

        Plaintiff,

      v.                                        Case No. 23-C-627

ALICIA SEVERSON,
CANDICE MARSHALL-WATSON,
AUDIE RITSCHKE, and
KRISTYN SCHMIDT,

        Defendants.

# DECISION AND ORDER

        Plaintiff Troy Hammer, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 7, 2023, the Court screened Hammer's complaint and allowed him to proceed on claims based on his allegations that Defendants Alicia Severson, Candice Marshall-Watson, and Audie Ritschke ignored the substantial risk of harm that Hammer posed to himself. On August 21, 2023, Hammer filed a motion for leave to file an amended complaint. Because Hammer is permitted under Fed. R. Civ. P. 15 to amend his complaint as a matter of course, the Court will grant his motion and will screen the amended complaint as required by 28 U.S.C. §1915A.[1]

        Hammer's amended complaint is largely the same as his original complaint. Because the Court summarized his allegations in the original screening order, *see* Dkt. No. 12 at 3, it is unnecessary to do so again here. For purposes of this decision, it is sufficient to note that in his

---

[1] Defendants filed a motion to stay their deadline to answer the complaint, which the Court will deny as moot. They also filed a motion to screen the amended complaint, which the Court will deny as unnecessary. As they acknowledge, 28 U.S.C. §1915A requires the Court to screen the amended complaint.

original complaint Hammer alleged in part that, after returning from the hospital, he informed Ritschke and Severson that he was going to use the metal clamp on his catheter to harm himself. Hammer alleged that Ritschke called Nurse Kristyn Schmidt to change the urine bag. According to Hammer, Ritschke and Severson then watched him remove the metal clamp. When Schmidt arrived to change the urine bag, no one made efforts to recover the clamp from him. Hammer asserts that he later used the clamp to injure himself. As stated in the screening order, the Court concluded that Hammer stated a deliberate indifference claim against Ritschke and Severson, but not against Schmidt. The Court explained that nothing suggested that Schmidt knew about the metal clamp, and she could not have been deliberately indifferent to a risk she did not know about. *See* Dkt. No. 12 at 4-5.

Hammer now alleges that, when Ritschke called Schmidt to replace the urine bag, he informed her that there was a metal clamp on the urine bag. Dkt. No. 20-1 at ¶23. Hammer asserts that when Schmidt arrived to change the urine bag, she, Ritschke, and Severson all noticed the clamp was missing but made no effort to recover the clamp from Hammer. *Id.* at ¶26. Schmidt's failure to ask about the missing metal clamp appears to amount to nothing more than negligence, as there is no suggestion that she knew Hammer (as opposed to the officers) had removed the clamp. *See Gil v. Reed*, 381 F.3d 649, 661 (7th Cir. 2004) (explaining that negligent or an inadvertent failure to provide adequate care is insufficient to state a deliberate indifference claim). Still, given the Court's obligation to construe Hammer's allegations broadly, he may proceed on a deliberate indifference claim and a state law negligence claim against Schmidt based on her alleged failure to recover the clamp from him. Hammer may also proceed on deliberate indifference and state law negligence claims against Ritschke, Severson, and Marshall-Watson for the reasons explained in the original screening order. *See* Dkt. No. 12 at 4.

2

Case 1:23-cv-00627-WCG   Filed 08/25/23   Page 2 of 3   Document 22

**IT IS THEREFORE ORDERED** that Hammer's motion for leave to file an amended complaint (Dkt. No. 20) is **GRANTED**. The clerk's office shall docket Hammer's proposed amended complaint (Dkt No. 20-1) as the operative complaint in this action.

**IT IS FURTHER ORDERED** that Defendants' motion to stay their deadline to respond to Hammer's complaint (Dkt. No. 21) is **DENIED as moot** and their motion to screen the amended complaint (Dkt. No. 21) is **DENIED as unnecessary**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hammer's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Kristyn Schmidt.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Kristyn Schmidt shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order. The remaining Defendants shall file a responsive pleading to the amended complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 25th day of August, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge